## Price, Appellant, v. Betz.

*Negligence—Scaffolding on sidewalk.*

Where a person erects a temporary platform on the sidewalk in front of his property for the purpose of taking down a wall condemned by the building inspectors, he is bound to take all reasonable precautions against injuries to persons lawfully using the footwalk, but that is the measure of his duty.   He is not bound to anticipate that a boy fourteen years old would jump on a moving freight train for the purpose of stealing a ride, and while standing on the step of a car be struck by a post of the platform.

Argued March 26, 1901.   Appeal, No. 336, Jan. T., 1901, by plaintiffs, from order of C. P. No. 3, Phila. Co., June T., 1898, No. 145, refusing to take off nonsuit in case of George S. Price, a minor, by his father and next friend, George S. Price, and said George S. Price in his own right, v. John F. Betz.   Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries.

At the trial it appeared that in May, 1897, defendant erected

a temporary platform on the sidewalk of Willow street in front
of his property for the purpose of taking down a wall condemned
by the building inspectors.    One of the posts of this platform
was near the curb.    On Willow street there was a railroad
track on which freight trains were operated.    On May 21, 1897,
the plaintiff, a boy about fourteen years old jumped on a mov-
ing freight train for the purpose of stealing a ride, and while
standing with one foot on the step of the car and one on the
bumper, struck the post near the curb, and was injured.

The court entered a compulsory nonsuit which it subsequently
refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Lewis Hopper* with him *Frederick J. Shoyer*, for appellants.

*Samuel Gustine Thompson*, for appellee, was not heard.

OPINION BY MR. JUSTICE MITCHELL, May 27, 1901:

The defendant had erected a temporary platform on the side-
walk in front of his property for the purpose of taking down a
wall condemned by the building inspectors.    In so doing he
was bound to take all reasonable precautions against injuries
to persons lawfully using the footwalk, but that was the measure
of his duty.    He was not bound to anticipate that the plaintiff
would attempt a dangerous trespass by jumping on a moving
train just at the edge of his platform.    The evidence failed to
show any negligence on the part of the defendant, and the non-
suit was therefore properly ordered.

Judgment affirmed.